UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:13-cv-61615-JIC

—————————————————— x
                                              :   CLASS ACTION
MICHAEL SHARF, Individually and On            :
Behalf of All Others Similarly Situated,      :
                                              :
                              Plaintiff,       :
                                              :
            vs.                                :
                                              :
FINANCIAL ASSET RESOLUTION, LLC,              :
                                              :
                              Defendant.       :
—————————————————— x

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

### I.      STATEMENT OF RELIEF REQUESTED

This is a putative class action brought under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act

("FCCPA"), Fla. Stat. §559.55 *et seq*.  Plaintiff Michael Sharf ("Plaintiff") respectfully requests

that this Court certify this action as a class action under Fed. R. Civ. P. 23,[1] appoint him as class

representative, and appoint his counsel as class counsel.  Plaintiff submits that the following

Classes are appropriate for certification:

### The Overshadowing Class

All persons located in the State of Florida who, between July 26, 2012 and July
25, 2013, received an initial written communication from Financial Asset
Resolution, LLC in connection with an attempt to collect any purported consumer
debt, in which the written communication stated as follows:

---

[1]  Contemporaneously herewith, Plaintiff has filed a motion to stay ruling on his motion for class
certification to allow him the opportunity to conduct the necessary discovery to supplement this
motion.

Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

### The Limitations Class

All persons located in the State of Florida who, between July 26, 2012 and July 25, 2013, received an initial written communication from Financial Asset Resolution, LLC, in connection with an attempt to collect any purported consumer debt which had been in default for more than five years, in which the written communication did not state that the consumer's debt was time-barred under the applicable statute of limitations.

### The FCCPA Class

All persons located in the State of Florida who, between July 26, 2011 and July 25, 2013, were (1) the subject of any action by Financial Asset Resolution, LLC to collect an alleged consumer debt that (2) had been acquired by Financial Asset Resolution, LLC (3) when such collection action took place (a) without Financial Asset Resolution, LLC having provided written notice to the consumer that it has acquired the debt, or (b) less than 30 days after Financial Asset Resolution, LLC provided written notice to the consumer that it had acquired the debt.

The three proposed Classes are referred to collectively as "the Classes." Excluded from the Classes are Defendant Financial Asset Resolution, LLC ("Defendant"), its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

## II.   SUMMARY OF THE ARGUMENT

This case is ideally suited for class treatment. Discussed *infra*, Plaintiff's claims are based on the same form debt collection letter, containing the same material provisions and disclosures, sent by Defendant *en masse* to Florida residents. Because Plaintiff and each member of the proposed Classes received materially identical correspondence from Defendant, Plaintiff easily satisfies the numerosity, commonality, and typicality elements of Rule 23(a).

Plaintiff's claims likewise satisfy the predominance and superiority requirements of Rule 23(b). Moreover, Plaintiff's dedication to this case renders him a more than adequate class

representative.  For these reasons, and as set forth in more detail herein, Plaintiff respectfully requests that this Court grant his motion for class certification, appoint him as class representative, and appoint his counsel as class counsel.

## III.   STATEMENT OF FACTS

Plaintiff is alleged to have owed money on a personal Citibank credit card (the "Debt"). ¶¶5, 7.[2]  The Debt was charged off, and sold to a debt collector, in 2003.  ¶16.  Defendant, an Illinois Limited Liability Company, is a debt buyer that purchases stale debts at a large discount from face value for the purpose of attempting to collect on those purchased debts.  ¶¶8-9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and the FCCPA, Fla. Stat. §559.55(6).  ¶11.  Defendant acquired Plaintiff's Debt after the debt was alleged to be in default by the original creditor.  ¶5.

On or about May 3, 2013, Defendant sent, or caused to be sent, a written communication to Plaintiff, referencing Financial Asset Resolution, LLC# 10295930.  A true and correct copy of the May 3, 2013 communication is attached to the Complaint as Exhibit A.  ¶12.  The May 3, 2013 communication from Defendant was the initial communication Plaintiff received from Defendant.  ¶13.  The May 3, 2013 communication stated that Plaintiff owed an "Original Balance" of $7,168.96 and "Interest Accrued" of $6,064.83 for a total "Current Balance" of $13,233.79.  ¶14.  The May 3, 2013 communication identified the "Original Creditor" as CITIBANK N.A.  ¶15.

Upon information and good-faith belief, Plaintiff's Citibank credit card, ending in account number 1926, was charged off, at the latest, in 2003.  In addition, because the alleged debt was charged off, at the latest, in 2003, Defendant has no legal means of collecting on the

---

[2] All references to ¶__ are to the corresponding paragraphs of Plaintiff's Class Action Complaint. *See* Dkt. No. 1.

alleged debt because any such legal action would be time-barred under the applicable statute of limitations.  ¶16.  Plaintiff has made no payments on his Citibank account ending in account number 1926 since, at the latest, 2003.  ¶17.

The May 3, 2013 communication was entitled, in bold, capitalized letters, "**COLLECTIONS NOTICE**".  ¶18.  The May 3, 2013 communication then stated:

> This letter is to inform you that we have purchased the account identified above for collections.

¶19, Compl., Ex. A.

The May 3, 2013 communication, which included an envelope for the mailing of a payment to Defendant, then demanded payment for $13,233.79:

> You can make payment online at www.f-a-resolutions.com or return your payment in the amount of $13,233.79 to the remittance address on the back of this letter using the enclosed envelope.  We accept Check, ACH (check by phone), Cashier's Check, Money Order, and Credit Card.
>
> You may also contact our office toll-free at **(888) 959-8878 Ex: 139** to discuss other payment arrangements.

¶20, Compl, Ex. A (emphasis in original).

Then, in bold letters, Defendant stated in the May 3, 2013 communication to Plaintiff:

> **Failure to respond to this notice will result in further collection activity to enforce the collection of this obligation in accordance with state and federal law.**

¶21, Compl., Ex. A (emphasis in original).

Immediately following the above-quoted language, the May 3, 2013 communication provided:  "Unless you notify this office **in writing** after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."  ¶22 (emphasis added).  Thus, the May 3, 2013 communication informed the least-sophisticated consumer that any disputes of the validity of the alleged debt must be made "in writing" and

therefore could not be made orally or by other means. ¶23.  The effect of the May 3, 2013 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g.  ¶24.

The front page of the May 3, 2013 communication ended with, in larger font size that the remainder of the text, "Pay online at **http://www.f-a-resolutions.com**" and included logos for Visa, MasterCard, and Discover.  ¶25, Compl., Ex. A (emphasis in original).  The bottom of the front page of the May 3, 2013 communication stated: "This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is sent by Financial Asset Resolution, LLC, a debt collector."  ¶26, Compl., Ex. A.

Upon information and belief, Defendant, as a matter of pattern and practice, sends communications to Florida debtors using language substantially similar or materially identical to that utilized by Defendant in its May 3, 2013 communication to Plaintiff.  ¶27.  Furthermore, upon information and belief, Defendant, as a matter of pattern and practice, sends communications to Florida debtors attempting to collect debts that are time-barred under the applicable statute of limitations without notifying the alleged debtors of the same. ¶28.

## IV.    MEMORANDUM OF LAW

### A.  Legal Standard Under Fed. R. Civ. P. 23

To attain certification of the proposed Classes, Plaintiff must satisfy each of the four requirements of Rule 23(a), referred to as numerosity, commonality, typicality, and adequacy of representation.  Fed. R. Civ. P. 23(a).  Because Plaintiff seeks to certify the class under Rule 23(b)(3), he must also demonstrate that common issues predominate and that class treatment is the superior method to resolve this dispute.  *See Drossin v. National Action Fin. Services, Inc.*,

255 F.R.D. 608, 616 (S.D. Fla. 2009) (certifying FDCPA class).[3]

"In reviewing a motion for class certification, the court generally is bound to take the substantive allegations of the complaint as true." *In re Checking Overdraft Litig.*, 281 F.R.D. 667, 672 (S.D. Fla. 2012) (certifying class action). Although a district court may look past the pleadings to determine if Rule 23's requirements have been met, for certification purposes "the Court may not consider the plaintiffs' likelihood of success on the merits." *Id.* In certifying a class, the Court should consider that certification is conditional and may be modified or vacated as the case progresses toward resolution on the merits. Fed. R. Civ. P. 23(c)(1)–(4); *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982); *Prado–Steiman v. Bush*, 221 F.3d 1266, 1273–74 (11th Cir. 2000).

### B.  The FDCPA is Well-Suited For Class Action Treatment

The FDCPA is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. 15 U.S.C. §1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692(k). The provisions of the FDCPA declare certain rights available to debtors, forbid deceitful and misleading practices, and prohibit harassing and abusive tactics.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be

---

[3]  Internal quotations and citations are omitted, and emphasis is added, unless otherwise noted.

inadequate to protect consumers.  15 U.S.C. §1692(b).  The express purposes of the FDCPA are

to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged,

and to promote consistent State action to protect consumers against debt collection abuses."  15

U.S.C. §1692(e).  Designed to protect consumers from unscrupulous collectors, whether or not

there exists a valid debt, the FDCPA broadly enumerates several practices considered contrary to

its stated purpose, and forbids debt collectors from taking such action. *Heintz v. Jenkins*, 514

U.S. 291, 292 (1995) ("The Fair Debt Collection Practices Act prohibits debt collectors from

making false or misleading representations and from engaging in various abusive and unfair

practices.").

Class treatment of claims under the FDCPA is essential to its statutory structure.

"Representative actions, therefore, appear to be fundamental to the statutory structure of the

FDCPA.  Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed

because the awards in an individual case might be too small to prosecute an individual action."

*Weiss v. Regal Collections*, 385 F. 3d 337, 345 (3d Cir. 2004).  As the Fourth Circuit Court of

Appeals recognized, "[w]ithout a real sting, the defendants would be unlikely to be deterred from

violating the Act, in light of the substantial profit to be made using aggressive and improper

collection practices."  *United States v. National Fin. Services, Inc.*, 98 F.3d 131, 141 (4th Cir.

1996).  Congress, in fact, designated special remedies to unnamed members of a class action

filed under the FDCPA. *See* 15 U.S.C. §1692k(a),(b). "This congressional determination

warrants judicial attention and respect."  *Friends of the Earth, Inc. v. Laidlaw Environmental

Services (TOC), Inc.*, 528 U.S. 167, 185 (2000).

Moreover, class treatment of FDCPA claims is particularly appropriate because the

FDCPA is a strict liability statute liberally construed in favor of the consumer. *Hepson v. J.C. Christensen and Assoc., Inc.*, 2008 WL 4833097, at *4 (M.D. Fla. Nov. 5, 2008) ("the FDCPA must be liberally construed to support its remedial nature").  To that end, the Eleventh Circuit uses the "least-sophisticated consumer" standard to evaluate whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) ("we believe that the FDCPA's purpose of protecting consumers is best served by a definition of 'deceive' that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls").  This objective standard is designed to protect "naive consumers" and, because it is an objective test, it is immaterial whether an individual consumer was misled by a debt collector's representations, thus rendering individualized determinations irrelevant. *Orr v. Westport Recovery Corp.*, 2013 WL 1729578, at *3 (N.D. Ga. Apr. 16, 2013).  Furthermore, because the FDCPA is a strict liability statute, it is not necessary to demonstrate that Defendant acted with any ill intent. *Rivera v. Amalgamated Debt Collection Services, Inc.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) ("The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector.").

Because of their overwhelmingly common questions of fact and law, numerous district courts in the Eleventh Circuit have certified class actions, like here, based on improper form letters sent by debt collectors. *See, e.g., Lewis v. ARS Nat'l Services, Inc.*, 2011 WL 3903092 (N.D. Ala. Sept. 6, 2011); *Gaalswijk-Knetzke v. Receivables Mgmt. Services Corp.*, 2008 WL 3850657 (M.D. Fla. Aug. 14, 2008); *Agan v. Katzman & Korr*, P.A., 222 F.R.D. 692, (S.D. Fla. 2004); *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697 (M.D. Fla. 2000); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665 (M.D. Fla. 1999).  This Court should do the same.

### C.  Plaintiff Satisfies the Requirements of Rule 23(a)

A plaintiff seeking class certification must establish each of the four requirements of Rule 23(a), referred to as numerosity, commonality, typicality, and adequacy of representation.  *See Drossin*, 255 F.R.D. at 614.

### a.  Numerosity

The first requirement of Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The focus of the numerosity inquiry is not whether the number of proposed class members is "too few" to satisfy the Rule, but "whether joinder of proposed class members is impractical."  *Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D. Fla. 1986).  While parties seeking class certification do not need to know the "precise number of class members," they "must make reasonable estimates with support as to the size of the proposed class."  *Fuller*, 197 F.R.D.at  699.  The Eleventh Circuit has held that "[g]enerally, less than twenty-one is inadequate, more than forty adequate."  *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (*quoting Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.1986)).

Here, it stands to reason that Defendant sent letters materially identical to the letter it sent to Plaintiff to at least 50 Florida consumers, and likely more.  *See* Section III, *supra*.  Thus, there is no doubt that Plaintiff has satisfied the numerosity requirement.  Moreover, there will be no difficulty ascertaining who the members of the Classes are as Defendant has records showing which Florida consumers were sent debt collection letters in the same form as Plaintiff's.

### b.  Commonality

"Commonality requires at least one issue common to all members of the class, but does not require that all factual and legal questions be common."  *Agan*, 222 F.R.D. at 697.  The

9

commonality element is generally satisfied when a plaintiff alleges that "[d]efendants have engaged in a standardized course of conduct that affects all class members." *Id.* ("Similarly, a plaintiff satisfies the commonality requirement when all class members received the same collection letter.").

The questions of fact and law at issue here are entirely common. The claims asserted by Plaintiff and the Classes originate from the same conduct, practice, and procedure, on the part of Defendant, namely the issuance of a form debt collection letter, attempts to collect time-barred debts, and attempts to collect debts before providing the advanced notice required under Florida law. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. For these reasons, claims brought as a result of a form letter are routinely certified as class actions. *See id.* at 698 (finding commonality satisfied where "[a]ll of the proposed class members received the same form letter and claim of lien, and all of the proposed class members have the same legal question of whether the form letter and claim of lien violated the FDCPA and FCCPA."); *Swanson*, 186 F.R.D. at 668 ("To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter."); *Gaalswijk-Knetzke*, 2008 WL 3850657, at *3 (finding commonality where "[a]ll received the identical or substantially similar letter from Defendant.").

### c.  Typicality

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Although similar to commonality in that it concentrates on the "nexus" between class members and the named class representative, typicality differs from commonality in that it focuses on the named class representative's individual characteristics in comparison to the proposed class. *Piazza v. EBSCO Indus. Co.*, 273

F.3d 1341, 1346 (11th Cir. 2001).

"The test for typicality, like commonality, is not demanding." *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996) ("The Eleventh Circuit has held that the requirement of typicality is satisfied where the interests of the named parties arise from the same course of conduct that gave rise to the claims of the class they seek to represent, and are based on the same legal or remedial theory; furthermore, typicality will not be destroyed by factual variations."). To defeat typicality, the factual variation of a class representative "must be clear and must be such that interests of the class are placed in significant jeopardy." *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 (S.D. Fla. 2004).

Here, Plaintiff and the members of the Classes suffered from a common practice employed by Defendants through their issuance of form debt collection letters. Thus, Plaintiff possesses the same interests and has suffered the same injuries as each class member and asserts identical claims and seeks identical relief on behalf of the unnamed class members. As a result, Plaintiff's claims are typical of those of the Classes he seeks to represent. *See Agan*, 222 F.R.D. at 698 ("Parties seeking class certification have satisfied the typicality requirement by showing that all prospective class members received a variation of the same collection letter."); *Swanson*, 186 F.R.D. at 668 ("Because Plaintiff alleges that the notice itself was contradictory and misleading to the least sophisticated consumer and Plaintiff as well as the putative class received the notice, the Court finds that typicality has been shown."); *Gaalswijk-Knetzke*, 2008 WL 3850657, at *3 ("Because the same or substantially similar letter was sent to all class members as well as the class representative, the Court finds that typicality has been satisfied.").

### d. Adequacy of Representation

Next, the Court must determine if "the representative parties will fairly and adequately

protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  To adequately represent a class, a named plaintiff must show that he possesses the integrity and personal characteristics necessary to act in a fiduciary role representing the interests of the class, and has no interests antagonistic to the interests of the class.  *In re Ins. Mgmt. Solutions Grp., Inc.*, 206 F.R.D. 514, 516 (M.D. Fla. 2002) (certifying class action).

As set forth above, Plaintiff's claims are aligned with the claims of the members of the Classes.  Plaintiff therefore has every incentive to vigorously pursue the class members' claims, as he has done to date by filing a class action lawsuit.  Plaintiff will fairly and adequately protect the interests of the Classes and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the Classes.  Plaintiff is willing and prepared to serve this Court and the proposed Classes.

Plaintiff has retained the services of counsel who are experienced in complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent all absent Class members.  Plaintiff's counsel, Greenwald Davidson PLLC and Weisberg & Meyers, LLC, have ample experience representing plaintiffs in consumer class actions, and are well-equipped to handle the instant litigation.  As a result, Plaintiff satisfies Fed. R. Civ. P. 23(a)(4).  *See Lewis*, 2011 WL 3903092, at *3.

### e.  Plaintiff's Counsel Should Be Appointed Class Counsel

Plaintiff and proposed Class Counsel, Greenwald Davidson PLLC and Weisberg & Meyers LLC, will vigorously prosecute this action.  In addition to satisfying the adequacy prong of Rule 23(a)(4), Greenwald Davidson and Weisberg & Meyers also satisfy the considerations of Rule 23(g) and should be appointed as Class Counsel.  Rule 23(g)(4) requires the Court to appoint counsel who will fairly and adequately represent the Class.  Additionally, in appointing

class counsel, Rule 23(g)(1)(A) requires the Court to consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit in representing the class."

Plaintiff and the Classes are represented by competent counsel, who possess substantial experience litigating class action lawsuits on behalf of aggrieved consumers and are adequately prepared to prosecute this action.  If appointed as Class Counsel, Greenwald Davidson and Weisberg & Meyers will continue to work to prove the claims being prosecuted by Plaintiff on behalf of himself and the Classes.

Greenwald Davidson and Weisberg & Meyers are highly experienced in class action litigation.[4]  Specifically, the attorneys at Greenwald Davidson and Weisberg & Meyers have extensive experience in the prosecution and successful resolution of complex class actions in courts throughout the United States.  As such, because there should be no question about the competence of counsel to fairly and adequately represent the interests of the Class, the requirements of Rule 23(a)(4) and Rule 23(g) are satisfied.

### D.  Plaintiff Satisfies the Requirements of Rule 23(b)

In addition to meeting the four requirements of Rule 23(a) and the requirements of Rule 23(g), parties seeking class certification must demonstrate that the action is maintainable under one of the three subsections of Rule 23(b).  Rule 23(b)(3) requires that questions of law or fact common to the class predominate over questions affecting the individual members and that, on balance, a class action is superior to other methods available for adjudicating the controversy.

---

[4] *See* www.mgjdlaw.com and http://www.attorneysforconsumers.com/weisberg-and-meyers-profiles.html.

### 1.      Predominance

"Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004).  Indeed, "[p]redominance means that the issues in a class action must be capable of generalized proof such that the issues of the class predominate over those issues that are subject only to individualized proof."  *Gaalswijk-Knetzke*, 2008 WL 3850657, at *4.

The objective of Rule 23(b)(3) is to promote economy and efficiency in actions that are primarily for money damages. Where common questions "predominate," a class action can achieve economies of time, effort, and expense as compared to separate lawsuits, permit adjudication of disputes that cannot be economically litigated individually, and avoid inconsistent outcomes, because the same issue can be adjudicated the same way for the entire class.  Fed. R. Civ. P. 23(b)(3), advisory committee's note (1966).

Here, common issues necessarily predominate because Plaintiff's claims are all based on the same form letter sent by Defendant to all members of the proposed Classes.  For this reason, courts in this Circuit routinely find that claims based on form debt collection letters satisfy the predominance requirement of Rule 23(b)(3).  *See Agan*, 222 F.R.D. at 701 ("The Court finds that Plaintiffs have satisfied Rule 23(b)(3) and that monetary damages are appropriate in this class action. The common issues presented by sending allegedly illegal form letters and claims of lien predominate over any individual issues presented, and the class action is the superior method for resolving this dispute because it would be uneconomical to litigate these issues individually.");  *Gaalswijk-Knetzke*, 2008 WL 3850657, at *4 (finding common issues predominate where "all of the claims of the named Plaintiff and the class members are based on the same legal theories, the

same form collection letters, and the same remedy"); *Fuller*, 197 F.R.D. at 701-02 ("The essential common factual link between all of the prospective class members is the letters sent by Defendants. Plaintiffs' basis for the claim is the language and content of the letters.  Defendants contest that a class action is not the superior method to resolve this controversy.  However, the Court finds that the criterion set out in Rule 23(b)(3) is satisfied because of the factual link between all class members and the defendants for which the law provides a remedy.").

As Judge Thompson explained in certifying a class action based on an allegedly misleading form debt collection letter:

> In general, predominance is a test readily met in certain cases alleging consumer ... fraud.  Here, not only will class-wide issues of proof predominate, but it is unlikely that there will be any issues of individualized proof. To determine whether the collection letters sent by American Recovery Systems violated the FDCPA, the court will not need to question whether each class member was deceived or misled by the privacy notice, because the least sophisticated consumer standard governs.  Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the least sophisticated consumer would have been misled.  Thus, the only individualized proof necessary will be whether each class member received a letter identical to [Plaintiff's].   Since that is a prerequisite for joining the class, the court finds that common questions of fact and law predominate in this case.

*Lewis*, 2011 WL 3903092, at *5.

## 2.      Superiority

To determine if the superiority requirement of Rule 23(b)(3) is satisfied, the Court must consider (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;  (3) the desirability or undesirability of concentrating the litigation of claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).  Because the claims in this case all arise from the same form collection letters sent to all members of the proposed

Classes, a class action is the superior vehicle for determining the rights of the class members.

Here, no one member of the Classes that Plaintiff seeks to represent has an interest in controlling the prosecution of the action because the claims of all members of each Class are identical as the allegations involve standardized conduct.   Moreover, alternatives to a class action are either no recourse for potentially hundreds of class members, or a multiplicity of suits resulting in inefficient administration of the litigation.   What's more, absent a class action, a great many claims identical to those asserted by Plaintiff will go unaddressed.

For these reasons, a class action is the superior method to adjudicate this controversy. *See Gaalswijk-Knetzke*, 2008 WL 3850657, at *5 ("Congress, however, did not contemplate that suits under the FDCPA would be adjudicated by means of large numbers of individuals filing separate suits.  On the contrary, Congress provided for class actions as a means for recovery to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action."); *Agan*, 222 F.R.D. at 701 (finding a class action superior because, in part, "Debtors who seek to change the unfair debt collection practices may lack the incentive to bring action under the FDCPA and the FCCPA because successful plaintiffs are only awarded a maximum of $1,000.").

## V.   CONCLUSION

Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Class Certification and Appointment of Class Counsel, approve Plaintiff as Class Representative, and appoint Greenwald Davidson PLLC and Weisberg & Meyers, LLC as Class Counsel.

Dated this 25th day of July, 2013.

*/s/ Michael L. Greenwald*_____
**MICHAEL L. GREENWALD**
Florida Bar No. 761761
**JAMES L. DAVIDSON**
Florida Bar. No. 723371
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Counsel for Plaintiff and the proposed classes

**AARON D. RADBIL**
Florida Bar No. 047117
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
Telephone: 888.595.9111 ext. 122
Fax: 866.577.0963
aradbil@attorneysforconsumers.com

Counsel for Plaintiff and the proposed classes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on July 25, 2013, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record. A copy of the foregoing will also be served on Defendant, via process server, with the Complaint.

*/s/ Michael L. Greenwald*
**MICHAEL L. GREENWALD**
Florida Bar. No. 0761761